Myron HARPER and Jane Harper,
husband and wife, Plaintiffs,

v.

The FARM CREDIT ADMINISTRATION;
Donald J. Wilkinson; the Federal In-
termediate Credit Bank of Spokane,
Washington; Kenneth P. Krueger;
Thomas E. Brown; Jerald Wharton;
and Willamette Production Credit As-
sociation in Liquidation, Defendants.

Civ. No. 85–291–PA.

United States District Court,
D. Oregon.

June 4, 1985.

Clifford N. Carlsen, Jr., R. Alan Wight,
Richard A. Edwards, Miller, Nash, Wiener,
Hager & Carlsen, Portland, Or., for defend-
ants Federal Intermediate Credit Bank,
Kenneth P. Krueger, Thomas E. Brown,
Jerald Wharton, and Willamette Production
Credit Assn.

Charles H. Turner, U.S. Atty., Jack C.
Collins, Asst. U.S. Atty., Portland, Or.,
Richard K. Willard, Acting Asst. Atty.
Gen., Sandra M. Schraibman, Stanley Dal-
ton Wright, Wendy B. Kloner, U.S. Dept.
of Justice, Civ. Div., Washington, D.C., for
defendants Farm Credit Admin. and Don-
ald J. Wilkinson.

Henry A. Carey, Henry A. Carey, P.C.,
Portland, Or., William D. Brandt, Ferder,
Ogdahl & Brandt, Salem, Or., for plaintiffs.

OPINION

PANNER, Chief Judge.

Two related cases have previously been
before me. *VanLeeuwen, et al. v. The
Farm Credit Administration, et al.*, Civil
No. 83–1413–PA, was an action brought by
five shareholders and former directors of
the Willamette Production Credit Associa-
tion (WPCA) alleging that the FCA con-
ducted an improper audit. I granted a
preliminary injunction declaring this audit
null and void and restoring the WPCA to
its prior status. *See VanLeeuwen*, 577
F.Supp. 264 (D.Or.1983). On May 15, 1984

I dismissed that action with prejudice, based on a Stipulated Agreement (Agreement) filed with the court and signed by all parties. On December 12, 1984 I reopened the case for a determination of whether the Agreement had been violated. On December 28, 1984 I found the Agreement had not been violated and reinstated the dismissal with prejudice. *See VanLeeuwen v. Farm Credit Administration*, 600 F.Supp. 1161 (D.Or.1984); 600 F.Supp. 1173 (D.Or. 1984).

I dismissed *Coleman, et al. v. Federal Intermediate Credit Bank of Spokane, et al.*, Civil No. 84–6251E–PA, slip op. (D.Or. Dec. 12, 1984) because it was barred by res judicata.

This is an action against The Farm Credit Administration (FCA); its governor, Donald J. Wilkinson; The Federal Intermediate Bank of Spokane (FICB); its president, Kenneth P. Krueger; a FICB senior vice president, Rod R. Olson; and Jerald Wharton, an officer of the FICB and liquidating agent of the Willamette Production Credit Association in Liquidation.

Plaintiffs Myron and Jane Harper own and operate a farm near Salem, Oregon. They have financed their farm operations through loans from the WPCA since 1973. They began having financial difficulties in 1981. On May 17, 1984 the WPCA rejected a loan renewal request made by the Harpers. The loan committee stated that, unless a satisfactory liquidation plan could be agreed upon, collection should begin. The WPCA was not in liquidation when that recommendation was made. A foreclosure action was filed by the WPCA against the Harpers in. Oregon State Court in October, 1984 (after liquidation of the WPCA began).

Plaintiffs ask that defendants be enjoined from proceeding with the liquidation of the WPCA or other Production Credit Associations (PCAs) or foreclosing on mortgages or loans until this court is satisfied that proper regulations governing liquidation of PCAs have been promulgated pursuant to 12 U.S.C. §§ 2183 and 2252(b). They ask that the state court foreclosure proceeding against them be enjoined and request a declaratory judgment that the liquidations of the WPCA and other PCAs are unlawful. Plaintiffs assert that the defendants have failed to adopt proper final regulations governing the liquidation of PCAs and that this alleged failure is violative of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* Federal Defendants have issued proposed regulations concerning liquidation. *See* 50 Fed.Reg. 6000 (1985). I assume for the purposes of this decision that the proposed regulations are inadequate. Plaintiffs also move for certification of a nationwide class action. All defendants have moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6).

For the reasons stated below, I find that plaintiffs have failed to state a claim for which relief can be granted. I DENY plaintiffs' motion for a preliminary injunction and GRANT the defendants' motions to dismiss. Plaintiffs' Motion For National Class Certification is therefore moot.

## BACKGROUND

The FCA is an independent executive agency comprised of the FCA Board, the Governor, and other personnel. 12 U.S.C. § 2241. The FCA is mandated to charter, supervise, examine, and regulate the banks and associations that comprise the Farm Credit System (System). The System is divided into twelve Farm Credit Districts, each of which contains a federal land bank, a federal intermediate credit bank, a bank for cooperatives, and varying numbers of local federal land bank associations, local banks for cooperatives, and PCAs. The Association is one of thirty PCAs in the Twelfth Farm Credit District. Those PCAs obtain funds from the FICB to finance operating and capital credit needs of eligible borrowers. The System banks and associations are owned by borrower-members and operated on a cooperative basis. Their function is to serve the credit needs of farmers, ranchers, and aquatic producers and harvesters.

## STANDARDS

### I. *Preliminary Injunction*

The traditional equitable criteria for granting injunctive relief are:

1. a strong likelihood of success on the merits;
2. the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted;
3. a balance of hardships favoring the plaintiff; and
4. in certain cases, advancement of the public interest.

*Los Angeles Memorial Coliseum Commission v. National Football League,* 634 F.2d 1197, 1200 (9th Cir.1980).

In this circuit, the movant meets its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. *Id.* at 1201. These are not separate tests, but the outer reaches of "a single continuum." *Benda v. Grand Lodge of Intern'l Association of Machinists,* 584 F.2d 308, 315 (9th Cir.1978), *cert. dismissed,* 441 U.S. 937, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979).

### II. *Motion to Dismiss*

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The complaint must be read in the light most favorable to the plaintiff. *Russell v. Landrieu,* 621 F.2d 1037, 1039 (9th Cir.1980).

## DISCUSSION

### I. *Standing*

Article III of the Constitution requires that the federal courts only adjudicate "cases" and "controversies." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). Standing is one aspect of this "case" or "controversy" requirement. *See Allen v. Wright,* 468 U.S. 737, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984).

To meet the constitutional requirement of standing a plaintiff must allege "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen,* 104 S.Ct. at 3325. Determining whether plaintiffs have standing in a particular case requires examination of the allegations to ascertain whether a particular plaintiff is entitled to an adjudication of the particular claims asserted. *Id.* Defendants assert that plaintiffs lack standing to bring the present action.

### A. *Personal Injury*

The personal injury plaintiffs allege is the foreclosure of the mortgage on their farm. This is the type of personal injury plaintiffs are required to allege to meet the first prong of the standing requirement. *See Allen,* 104 S.Ct. at 3315.

### B. *Fairly Traceable to Defendants' Alleged Conduct*

Plaintiffs assert that the lack of proper regulations governing liquidation of PCAs is the cause of the foreclosure action. Defendants argue that the WPCA Board of Directors had already recommended collection on the Harpers' loan around the time that the WPCA was placed in voluntary liquidation and that the foreclosure on the Harpers' property would have occurred regardless of the liquidation. Defendants reason that any purported lack of regulations could not have caused injury to plaintiff. Plaintiffs assert that the "collection" recommended by the WPCA is different than foreclosure and that the foreclosure was not instituted until after the liquidation of the WPCA was begun. Plaintiffs argue that the liquidation, without proper guidelines, creates a rigid relationship between the Association and the borrower where foreclosure is seen as the only remedy for "problem" loans. They assert that

this relationship, caused by a lack of proper liquidation regulations, is the cause of their injury.

In *Allen*, parents of black public school children alleged that the Internal Revenue Service (IRS) had not adopted sufficient standards and procedures to fulfill its obligation to deny tax-exempt status to racially discriminatory private schools. One of the ways in which the parents alleged they were injured was by the diminished ability of their children to receive an education in a racially integrated school. The Court noted that such an injury was certainly cognizable, but found that the parents lacked standing because the alleged injury was not fairly traceable to the conduct which they alleged was unlawful. *Allen*, 104 S.Ct. at 3328.

In *Allen*, the plaintiffs would have had to show there were enough racially discriminatory private schools receiving tax exemptions in their communities for withdrawal of those exemptions to affect public school integration. The Court found this would be impossible because whether withdrawal of a tax exemption from any school would change the school's policies, whether the parents of a child attending such school would transfer the child to a public school because of the changed IRS policy, and whether there would be enough parents and schools changing their practices as a result of IRS changes to affect the plaintiffs was entirely speculative.

In the present case, plaintiffs are necessarily required to engage in similar speculations. They cannot define what proper regulations would be. Whether proper regulations governing liquidation would have changed defendants' decision to foreclose on plaintiffs' loan is entirely speculative. Plaintiffs cannot show that this lack of regulations caused the WPCA to file a foreclosure action against them. The chain of causation is too weak and too speculative to confer standing on these plaintiffs.

## C. *Redressibility*

The third element of standing is that the plaintiffs' injury is likely to be redressed by a favorable decision. *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 38, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976). In *Simon* plaintiffs alleged that the Internal Revenue Service (IRS) violated the Internal Revenue Code and the Administrative Procedure Act by issuing a Revenue Ruling allowing favorable tax treatment to a nonprofit hospital that offered only emergency-room services to indigents. The Court concluded that plaintiffs lacked standing to bring the action because the plaintiffs could not prove that their alleged injury (denial of hospital services) was caused by the IRS's actions and because it was speculative whether a decision favorable to the plaintiffs would result in the correction of the alleged wrong by making more hospital services available to the plaintiffs. *Id.* at 42–43, 96 S.Ct. at 1926.

In *Simon*, 426 U.S. at 43, 96 S.Ct. at 1926, the Court noted that plaintiffs' complaint could support an inference that some hospitals would admit indigents if the IRS Ruling were different. However, the Court stated that this inference was speculative and found that plaintiffs had not met the redressibility requirement of standing.

█ Here, plaintiffs' assertions that their foreclosure injury would be redressed by adoption of proper regulations is, as in *Simon*, speculative at best. The Harpers first obtained a loan from WPCA in 1973. They began having financial difficulties about 1981. On May 17, 1984 the WPCA Board of Directors rejected the Harpers' request for a loan renewal stating that the Association should begin collection unless a satisfactory liquidation plan could be agreed upon. The foreclosure action was filed in the fall of 1984. The Harpers cannot make a showing beyond mere speculation that the issuance of appropriate regulations by the defendants would prevent foreclosure. Because they lack standing, plaintiffs have not shown the possibility of success required for the issuance of a preliminary injunction. There is no set of facts upon which relief could be granted. I need not address any of the other grounds

for dismissal raised by defendants. Plaintiffs' motion for a preliminary injunction is DENIED and defendants' motions to dismiss are GRANTED.